FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

AUG 15 2013

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WONDERLAND BAKERY, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>WONDERLAND CUSTOM CAKES, LLC, a California limited liability company,<br><br>Defendant. | Case No. SACV 13-00076 JVS (ANx)<br><br>[Assigned to Hon. James V. Selna Courtroom 10C]<br><br>[~~Proposed~~] CONFIDENTIALITY ORDER<br><br>*[DISCOVERY MATTER]* |
| AND RELATED COUNTER CLAIMS AND CROSS-CLAIMS | |

Upon stipulation of the parties, and good cause appearing therefor, **IT IS HEREBY ORDERED** that, to the extent the parties produce or provide documents, things, testimony, or information that comprise or contain private, confidential, proprietary, financial, sales, or trade secret information ("Confidential Information"), such documents, things, testimony, or information may be produced or provided upon the following terms and conditions:

1. A party to this action who produces or provides documents, things, testimony, or other information, which he, she, or it reasonably believes to

comprise or contain Confidential Information, and which he, she, or it desires to be subject to this Confidentiality Order, shall designate such information or materials as either "CONFIDENTIAL" or, if such information or materials are of a highly confidential or proprietary nature, such as financial, customer, sales, or trade secret information, as "CONFIDENTIAL–ATTORNEYS' EYES ONLY."

    2.    The designation of documents, things, testimony, or other information as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" shall be made as follows:

    a.    Documents and things comprising or containing Confidential Information shall be designated by prominently stamping or marking the documents or things with the term "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY." If a confidential document consists of multiple pages, each page of the document shall be so stamped or marked.

    b.    A deposition transcript comprising or containing Confidential Information shall be designated "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" by requesting such treatment thereof either on the record at the time of the deposition or by written notice mailed within thirty (30) days after the court reporter completes and serves the transcript(s) to counsel for any party that requested transcript(s). If confidential treatment of a deposition transcript is requested on the record at the time of the deposition, the requesting party shall instruct the court reporter to stamp or mark each page of the transcript containing the Confidential Information with the terms "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY." The requesting party may also instruct the court reporter to separately bind such designated pages of the transcript. If confidential treatment of a transcript is requested by a party by written

notice after completion of a deposition, such written notice shall be mailed to all other parties within thirty (30) days after completion and service of the transcript. Such written notice shall specifically identify by page and line number all portions of the transcript that should be treated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" in accordance with this Confidentiality Order. Documents or things used as exhibits at a deposition that a party desires to be subject to this Confidentiality Order shall be separately stamped or marked "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY."

  c. Any party may designate documents or things produced by a third party pursuant to a subpoena as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" by providing written notice to each other party within ten (10) days of receipt of the documents or things produced by the third party. Such written notice shall specifically identify each document or thing produced by the third party that should be treated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" in accordance with this Confidentiality Order.

  3. By designating a document, thing, testimony, or other information as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" in accordance with this Confidentiality Order, the party making such designation certifies that there is a good faith basis in both fact and law for the designation.

  4. In the absence of designating a document, thing, testimony, or other information as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" in accordance with this Confidentiality Order, such documents, things, testimony, or other information shall be deemed to be non-confidential and non-restricted.

5.     Information and materials designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" shall be held by counsel in confidence and shall be used solely in connection with the prosecution, defense, or settlement of this action. Information and materials designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" shall not be disclosed to any person except as hereinafter provided.

6.     Information and materials designated "CONFIDENTIAL" pursuant to this Confidentiality Order (including any copies, summaries, excerpts, and abstracts derived therefrom) may be disclosed, directly or indirectly, only to the following persons:

   a.   The counsel of record for the parties in this action and their respective associates, clerks, secretaries, legal assistants, and stenographic personnel;

   b.   The parties to this action and/or the management, officers, members, and/or directors of a party that are deemed necessary by its counsel to aid in the prosecution, defense, or settlement of this action;

   c.   The in-house legal staff, if any, of the parties whose principal responsibilities involve legal as opposed to business matters;

   d.   Any court hearing this action and its clerks, secretaries, legal assistances, and stenographic personnel;

   e.   Court reporters and their respective stenographic and clerical employees employed in this action;

   f.   Consultants or experts employed by any party or counsel to assist in the preparation for trial or the trial of this action;

   g.   All persons identified as the author(s), addressee(s), or recipient(s) of any document designated pursuant to this Confidentiality Order; and

      h.    Such other persons as the parties may agree to in writing, or that may be designated by the Court.

7. Information and materials designated "CONFIDENTIAL–ATTORNEYS' EYES ONLY" pursuant to this Confidentiality Order (including any copies, summaries, excerpts, and abstracts derived therefrom) may be disclosed, directly or indirectly, only to the following persons:

      a.    The counsel of record for the parties in this action and their respective associates, clerks, secretaries, legal assistants, and stenographic personnel;

      b.    Any court hearing this action and its clerks, secretaries, legal assistances, and stenographic personnel;

      c.    Court reporters and their respective stenographic and clerical employees employed in this action;

      d.    Consultants or experts who are employed by any party or counsel to assist in the preparation for trial or the trial of this action and who execute the Undertaking that is attached hereto as Exhibit "A." Counsel for the party employing the consultant(s) or expert(s) shall maintain a copy of the Undertaking that the consultant(s) or expert(s) executed;

      e.    All persons identified as the author(s), addressee(s), or recipient(s) of any document designated pursuant to this Confidentiality Order; and

      f.    Such other persons as the parties may agree to in writing, or that may be designated by the Court.

8. This Confidentiality Order shall not expand or restrict the rights of any party to either demand the production of any documents, things, or information, or to object to any demand for documents, things, or information, or to withhold any documents, things, or information. Nor shall this Confidentiality Order expand or

1 | restrict the rights of any party to seek to have the court compel the production of
2 | any documents, things, or information.
3 |     9.    This Confidentiality Order shall not restrict the rights of any party to
4 | use or disseminate any documents, things, or information obtained independently of
5 | discovery in this action, whether or not such documents, things, or information are
6 | also obtained through discovery. Nothing in this Confidentiality Order shall restrict
7 | a party from using, disclosing, or disseminating its own documents, things, or
8 | information as it deems appropriate, whether or not such documents, things, or
9 | information have been designated "CONFIDENTIAL" or "CONFIDENTIAL–
10 | ATTORNEYS' EYES ONLY" in accordance with this Confidentiality Order.
11 |     10.    If any documents, things, or information designated as
12 | "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" are
13 | included with any papers filed with the court, the filing party shall file such papers
14 | and materials under seal in accordance with the procedures required by California
15 | Central District Local Rule 79-5.1 or other similar court rule that may be
16 | controlling at the time of the filing of such papers and materials.
17 |     11.    In the event that any documents, things, or information designated as
18 | "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" are
19 | used in any court proceeding in this action, such documents, things, or information
20 | shall not lose their designated confidential status through such use, and the parties
21 | shall take all reasonable steps to maintain their confidentiality.
22 |     12.    Maintenance of the protected status of any "CONFIDENTIAL" or
23 | "CONFIDENTIAL–ATTORNEYS' EYES ONLY" documents, things, or
24 | information shall in all cases be subject to further order of the court. Nothing
25 | herein shall preclude any party upon reasonable notice to all other parties from
26 | applying to the court for any modification of this Confidentiality Order, or moving
27 | the court for an order changing the status of any particular designated information
28 | or document or relieving a party from the restrictions contained in this

Confidentiality Order, or from applying to the court for a protective order. In any such application or motion, the party seeking to restrict the use or dissemination of any documents, things, or information shall bear the burden of persuasion.

13. No party shall be obligated to challenge the propriety of the designation of any documents, things, or information as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY," and the failure to do so shall not constitute acquiescence as to the appropriateness of the designation or otherwise preclude a subsequent challenge to the designation.

14. At the conclusion of this action, any party may serve a written notice on the other parties demanding that the "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" documents and things that were produced by that party and that are still in existence, including all copies, summaries, excerpts, and abstracts thereof, be returned or destroyed. Within thirty (30) days of receipt of such a demand, counsel shall certify in writing that such documents and things have been returned or destroyed. Notwithstanding the foregoing, counsel may retain one archival copy of trial, hearing, and deposition transcripts and exhibits, one archival copy of every pleading or other document submitted to the court, and one archival copy of any order, judgment, or other document issued by the court. Counsel may also retain documents or things that are their own work product or that are subject to the attorney-client privilege.

15. The parties to this agreement may change its terms or effects at any time by further mutual agreements in writing as approved by the court.

16. This Confidentiality Order is entered solely for the purpose of facilitating the exchange of documents, things, and information between the parties in this action. Nothing in this Confidentiality Order nor the production of any documents, things, or information under the terms of this Confidentiality Order nor any proceedings pursuant to this Confidentiality Order shall be deemed to have the effect of an admission or waiver of any kind by any party.

1        17.   The parties and their attorneys and any other persons subject to the terms of this Confidentiality Order agree that the court shall have jurisdiction over them during the pendency of this action and for six (6) months after this action is terminated for the purpose of enforcing this Confidentiality Order.

IT IS SO ORDERED.

Dated: August 15, 2013

_____
HON. ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## Undertaking for Confidentiality Order in *Wonderland Bakery, Inc. v. Wonderland Custom Cakes, LLC*

I hereby certify my understanding that Confidential or Confidential – Attorney's Eyes Only documents or information is being provided to me pursuant to the terms and restrictions of the Confidentiality Order dated _____, 2013, in *Wonderland Bakery, Inc. v. Wonderland Custom Cakes, LLC*, U.S. District Court for the Central District of California, Civil No. SACV 13-00076 JVS (ANx).

I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not disclose Confidential – Attorney's Eyes Only information or documents to anyone, except as allowed by the Order.

I will keep all such Confidential – Attorney's Eyes Only documents and information in a secure place and in a secure manner to prevent unauthorized access to it. No later than 30 days after the termination of this action, I will return all such confidential documents or information, and any copies, notes, extracts, synopses, and/or summaries of such information that I create or that comes within my control to the attorney(s) who first provided it to me, or by whom I have been retained in this matter, or, alternatively, at my election, I will destroy such Confidential – Attorney's Eyes Only documents or information.

I hereby consent to be subject to the personal jurisdiction of the United States District Court for the Central District of California with respect to any proceedings relative to the enforcement of that Order, including without limitation any proceedings related to a contempt of court.

Dated:_____    By:_____

Title:_____

Affiliation:_____

## PROOF OF SERVICE

I, Gabriela Paracha, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 333 South Grand Avenue, Suite 1700, Los Angeles, California 90071-1540. On August 13, 2013, I served a copy of the within document(s):

**[PROPOSED] CONFIDENTIALITY ORDER [DISCOVERY MATTER]**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 13, 2013, at Los Angeles, California.

/s/ Gabriela Paracha

_____

GABRIELA PARACHA

W0245001/1642460-1        10        [~~PROPOSED~~] CONFIDENTIALITY ORDER

## SERVICE LIST

| | |
|---|---|
| George L. Hampton IV<br>Colin C. Holley<br>HAMPTON HOLLEY, LLP<br>2101 East Coast Highway, Suite 260<br>Corona del Mar, CA 92625<br><br>Phone: (949) 718-4550<br>Fax: (949) 718-4580<br>Email:<br>ghampton@hamptonholley.com<br>cholley@hamptonholley.com<br><br>*Attorneys for Plaintiff*<br>WONDERLAND BAKERY, INC. | Jody Steinberg<br>Tracy Luu-Varnes<br>HANGER, STEINBERG,<br>  SHAPIRO & ASH<br>A Law Corporation<br>21031 Venture Boulevard, Suite 800<br>Woodland Hills, CA 91364-6512<br><br>Phone:  (818) 226-1222<br>Fax:  (818) 226-1215<br>Email:<br>js@hssalaw.com<br>tjl@hssalaw.com<br><br>*Attorneys for Counter-Defendant*<br>WONDERLAND BAKERY, INC.<br>*and Cross-Defendants* SONDRA<br>AMES and ALLYSON AMES |